IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE AVERY,

      Plaintiff,                            No. CIV S-11-2528 GGH P

   vs.

MARC ELIA, et al.,

      Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to plaintiff's consent. Doc. 4. Pending before the court is plaintiff's December 5, 2011, motion for injunctive relief. Plaintiff states that he has filed the same motion in all of his pending cases. This case proceeds on the original complaint with a claim that plaintiff was improperly removed from the Kosher diet at his prison, yet the instant motion concerns issues not related to this action and involves non defendants. For the reasons set forth below, plaintiff's motion will be construed as a protective order and is denied.

<u>Protective Order</u>

        A proper motion for injunctive relief must relate to the allegations of the complaint and seek an outcome that may ultimately be available in the action. If there is no such

relation, injunctive relief is not properly sought.  "[T]he purpose and effect of the injunction is to provide security for performance of a future order which may be entered by the court." De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 219-220, 65 S.Ct. 1130 (1945).  "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (affirming district court's order denying without hearing plaintiff's motion for preliminary injunction on the ground that it had "nothing to do with preserving the district court's decision-making power over the merits of [plaintiff's] 42 U.S.C. § 1983 lawsuit") (citation omitted).  Rule 65, Federal Rules of Civil Procedure, governing requests for injunctive relief, underscores this relevance requirement, pursuant to provisions allowing the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, and making evidence received at the hearing on preliminary injunction admissible at trial.  None of these provisions would make sense if disputes outside the complaint, and on which no trial will be had, could be considered as proceedings for injunctive relief.  In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110- 12, 89 S.Ct. 1562 (1969); see also Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  As plaintiff's motion involves claims not in the complaint and non defendants, the court will construe the motion as a protective order.

In the instant motion, plaintiff alleges that he ordered a book about electronics that was mailed to him, but the prison mail room would not deliver it, as it could be used to sabotage or disrupt prison electronic communications, but plaintiff denies the book could be used for that. Plaintiff filed various inmate appeals related to the book and a case in Sacramento Superior Court, but alleges the appeals office has been screening out his appeals impeding his effort with

1  the superior court case.  Plaintiff also alleges that the prison mail room has been interfering with
2  his legal mail in that he must follow specific procedures regarding the cost of large legal
3  mailings.  Plaintiff presents no specific allegations regarding the instant case or his ability to
4  litigate the instant case, nor are the defendants in this case the appropriate defendants for issues
5  arising out of legal mail.  Therefore, this motion is denied.
6          Accordingly, IT IS HEREBY ORDERED that plaintiff's December 5, 2011,
7  motion for injunctive relief (Doc. 9) is denied.
8  DATED: December 9, 2011

                                   /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

GGH: AB
aver2528.po